IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALDEMAR MARTINEZ and PEDRO RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> LA CABAÑITA MEXICAN RESTAURANT and GRISELDA VILLASEÑOR, individually <br><br> Defendants. | ) ) ) ) ) ) Case No. ) ) ) Judge ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiffs, Valdemar Martinez and Pedro Rodriguez, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against Defendants, La Cabañita Mexican Restaurant (hereinafter "Cabañita"), and Griselda Villaseñor, individually (hereinafter "Villaseñor"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly-situated persons.

2.  In one or more individual work weeks during the prior three years, Plaintiffs and other similarly-situated cooks and kitchen staff worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3.  Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. §

1

216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiffs' FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs' IMWL claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

7. Plaintiffs reside in and are domiciled in this judicial district.

8. Defendant Cabañita is an Illinois corporation.

9. Defendant Cabañita operates a restaurant, La Cabañita Mexican Restaurant, located at 118 Burr Ridge Pkwy, Burr Ridge, IL 60527. *See* http://lacabanitas.com/burr-ridge/.

10. Defendant Cabañita is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

11. Defendant Cabañita is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

12. During each of the last three years, Defendant Cabañita's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

13. During the course of their employment with Defendant Cabañita, Plaintiffs handled goods, including perishable produce, meats, and other food products that moved in

interstate commerce.

14. Defendant Cabañita was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

15. Defendant Cabañita was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

16. Plaintiffs were Defendant Cabañita's "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

17. Plaintiffs were Defendant Cabañita's "employees" as defined by the IMWL. 820 ILCS 105/3(d).

18. Defendant Villaseñor resides in and is domiciled within this judicial district.

19. Defendant Villaseñor is an owner of La Cabañita Mexican Restaurant and is involved in the day to day business operations of La Cabañita Mexican Restaurant. During the prior three (3) years, Defendant Villaseñor hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, and participated in decisions regarding employee compensation and capital expenditures.

20. Defendant Villaseñor was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

21. Defendant Villaseñor was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

22. Plaintiffs were Defendant Villaseñor's "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiffs were Defendant Villaseñor's "employees" as defined by the IMWL, 820 ILCS 105/3(d).

**FACTUAL BACKGROUND**

24. Plaintiff Martinez worked for Defendants as a food prep/cook between approximately 2013 and March 24, 2018.

25. Plaintiff Rodriguez worked for Defendants as a food prep/cook between approximately April 2016 and March 24, 2018.

26. During the prior three (3) years, Plaintiffs were not exempt from the overtime provisions of the FLSA and the IMWL.

27. During the prior three (3) years, other cooks and kitchen staff were not exempt from the overtime provisions of the FLSA and the IMWL.

28. In one or more work weeks during the prior three (3) years, Plaintiffs worked for Defendants in excess of forty (40) hours in an individual work week.

29. For example, since approximately April 2016, Plaintiff Martinez worked six (6) days per week for a total of approximately fifty-six (56) hours per week. Prior to April 2016, Mr. Martinez regularly worked approximately sixty-five (65) hours per week.

30. In one or more weeks during the prior three (3) years, other similarly-situated employees worked more than forty (40) hours.

31. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiffs overtime pay at a rate of one and one-half times their regular rate of pay when they worked more than forty (40) hours per work week.

32. Instead, Defendants paid Plaintiffs their straight time regular rate of pay for all time worked.

33. In one or more weeks during the prior three (3) years, Defendants did not pay other similarly situated employees overtime pay at a rate of one and one-half times their regular

rate of pay when they worked more than forty (40) hours per work week.

34. Instead, Defendants likewise paid other similarly-situated employees their straight time regular rate of pay for all time worked.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiffs repeat and reallege paragraphs 1 through 34 as if fully restated herein.

35. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and those similarly situated for all time they worked for Defendants.

36. Plaintiffs and other similarly-situated employees worked for Defendants as cooks and kitchen staff.

37. In one or more work weeks during the last three years, Plaintiffs and other cooks and kitchen staff worked in excess of forty (40) hours per week.

38. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and those similarly situated worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rates of pay.

39. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in individual workweeks.

40. Defendants did not compensate other similarly situated employees at a rate of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in individual workweeks.

41. Defendants' failure and refusal to pay overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §

42. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiffs and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs Individually Only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 42 of this Complaint.

43. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

45. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

46. During their employment with Defendants, Plaintiffs worked in excess of forty (40) hours in one or more individual work weeks.

47. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

48. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or their regular rate of pay for all hours in which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 2, 2018

s/ Douglas M. Werman
One of Plaintiffs' Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

7